Filed 5/22/13  P. v. Molina CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B240948 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA079155) |
| v. | |
| MATTHEW TOMAS MOLINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Cynthia Rayvis, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Following his conviction for receiving stolen property, Matthew Tomas Molina appeals from the judgment, contending the evidence is insufficient to support the victim restitution award. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Complaint and Plea and Sentencing Hearings*

Molina was charged in a felony complaint with committing first degree burglary and grand theft of personal property.

Represented by appointed counsel, Molina waived his rights to a preliminary hearing and to a jury trial and entered a negotiated plea of no contest to an amended third count of receiving stolen property. In accordance with the plea agreement, the trial court suspended imposition of sentence and placed Molina on three years of formal probation. The remaining counts were dismissed on the People's motion.

As a condition of probation, the trial court ordered Molina to make restitution to the victim, Fred Benson IV, pursuant to Penal Code section 1202.4, subdivision (f) in an amount to be determined at a restitution hearing.

2. *The Restitution Hearing*

At the restitution hearing, Benson testified he arrived at his apartment with a computer bag, a red duffel bag and some clothes on the morning of July 29, 2011. Benson left his bags inside his open front door and went upstairs to put away his clothes. When Benson returned minutes later, both bags were gone. After he was unable to find the bags in the apartment complex, Benson reported the theft to police, who subsequently recovered the red duffel bag and some of the stolen items it contained. Among the items police never found were a camera worth $1,200 or $1,300, an iPhone and a Blackberry phone each worth $500, a belt worth $275, diamond earrings worth $1,400, a diamond and 18 karat gold bracelet worth $5,000, custom-made jewelry worth $350, dental retainers worth $300, the computer bag worth $239, prescription glasses worth $200 and about $1,000 in cash. Benson calculated the value of most of these items based on their

2

original purchase price and provided some receipts to the defense. While the older model Blackberry phone was probably worth $390, Benson's cell phone provider charged him $500 because it was a replacement cell phone, which he had intended to send back to the provider before it was stolen. The bracelet was a gift, which Benson had previously used to obtain a $500 loan from a pawn shop. The proprietor had estimated the bracelet's value as $5,000. Photographs of the bracelet were admitted into evidence. Most of these items were listed in a police report admitted into evidence at the hearing.

Molina testified he lived in the same apartment complex as Benson in July 2001 but was at work on the morning of the theft, as corroborated by a time sheet introduced into evidence. According to Molina, on a different morning, he saw a red duffel bag near Benson's front door. After knocking on the door and receiving no answer, Molina took the duffel bag to his apartment. Inside the bag, Molina found a camera, a laptop computer, a bracelet, an iPad2, and a Blackberry phone. Molina later returned the duffel bag and its contents to police, except for the watch, the camera and the bracelet. Officers recovered the watch during a search of Molina's home. Molina gave the camera to a friend in exchange for a different camera, and he pawned the bracelet for $1,000. Molina denied seeing any cash, earrings, a second cell phone, or any other of the missing items.

Following the presentation of evidence, the trial court found Molina was responsible for the missing items described by Benson and calculated the restitution award as follows: "Camera in the amount of $1,200; a Blackberry cell phone in the amount of $500, which is what Mr. Benson had to pay; an iPhone in the amount of $500; a bracelet in the amount of $5,000. And the Court does find that that's a realistic amount given the number of diamond chips in the bracelet and taking a look at the bracelet; earrings in the amount of $1,400; a computer bag in the amount of $239; one belt for $275; a pair of glasses for $200, custom jewelry in the amount of $350; and two retainers in the amount of $300 for a total of $9,964."

3

**DISCUSSION**

Molina contends the trial court abused its discretion in assessing restitution for all of the unrecovered stolen items because the evidence was insufficient he was responsible for the loss of any item other than the camera and the bracelet. Molina further argues the restitution award should not have included the value of the Blackberry phone, because it was returned to Benson.

Molina pleaded no contest to receiving stolen property and, as a condition of probation, was ordered to pay restitution in an amount to be determined following a contested hearing. Because it was imposed as a condition of probation, rather than pursuant to Penal Code section 1202.4, the restitution award in this case was not only intended to compensate Benson, but also to address the broader goal of rehabilitating Molina. (See *People v. Anderson* (2010) 50 Cal.4th 19, 27; § 1203.1, subd. (j).) "Restitution 'impresses upon the offender the gravity of the harm he has inflicted upon another and provides an opportunity to make amends.' [Citation.]" (*Anderson, supra*, at p. 27.)

Restitution awards are vested in the trial court's discretion and will be disturbed on appeal only where an abuse of discretion appears. (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) "'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' [Citation.]" (*People v. Mearns* (2002) 97 Cal.App.4th 493, 499.) The standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.)

"[I]t is well settled that 'statements by the victims of the crimes about the value of the property stolen constitute "prima facie evidence of value for purposes of restitution." [Citations.]' [Citations.]" (*People v. Prosser* (2007) 157 Cal.App.4th 682, 690-691.) Here, Benson testified at length concerning the nature and value of the items stolen and provided supporting documentation. This constituted prima facie evidence of his loss and shifted the burden to "defendant to demonstrate that the amount of the loss [was]

4

other than that claimed by the victim." (*Id.* at p. 691.) Molina, in turn, testified he was responsible only for the loss of the camera and bracelet; he denied having seen any of the other stolen items inside the red duffel bag when he found it. Molina also challenged Benson's valuation of the bracelet.

The trial court was free to discount Molina's testimony and to believe Benson's testimony. Resolving credibility issues and evidentiary conflicts were the exclusive province of the trial court, and Benson's testimony constituted sufficient evidence to establish the appropriate restitution in this case. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)[1]

We also reject Molina's contention the restitution award must be reduced by $500 because the Blackberry phone was returned to Benson, as amounting to no more than a request that we reweigh the conflicting evidence and substitute our judgment for that of the trier of fact, which is not the function of a reviewing court. (*People v. Ceja* (1993) 4 Cal.4th 1134, 1138-1139, *People v. Culver* (1973) 10 Cal.3d 542, 548.)

---

[1] To assess a claim of insufficient evidence in a criminal case, "we review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio, supra,* 43 Cal.4th 327, 357.)

In sum, because there was sufficient evidence Molina was responsible for all of the stolen items, the trial court did not abuse its discretion in requiring him to pay restitution for the stolen items that were never recovered.

## DISPOSITION

The judgment is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.